## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:00-CR-48 |
| | § | |
| GLENN ANDRETTI LEWIS | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed February 21, 2006, alleging that defendant violated conditions of supervised release by failing to refrain from using a controlled substance on two occasions, by failing to work regularly, and by failing to participate in a program of testing and treatment for drug abuse on three occasions.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on December 29, 2000, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of distribution of a controlled substance, a Class C felony.  This offense carried a statutory maximum imprisonment term of 20 years.  The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of III, was 57 to 71 months.  Defendant was subsequently sentenced to 60 months imprisonment followed with three years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment.

## II.  The Period of Supervision

On February 9, 2004, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on February 21, 2006.  The petition alleges that defendant violated the following conditions of release:

    Mandatory Condition:        Defendant shall refrain from any unlawful use of a controlled substance.

    Standard Condition:        Defendant shall work regularly at a lawful occupation.

    Special Condition:        Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer.

As grounds, the petition alleges that on December 31, 2005, and January 17, 2006, defendant submitted urine specimens which tested positive for cocaine. In addition, defendant last reported employment with Greyhound Trucking in November 2005, he failed to report and submit a random urine specimen as directed on December 3, 2005, and he failed to report for his individual substance abuse counseling sessions on November 22, 2005, and January 6, 2006.

### IV.  Proceedings

On March 6, 2006, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement. Defendant would agree to plead "true" to the allegation that he violated a condition of supervised release by failing to refrain from unlawful

use of a controlled substance. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. However, counsel for the government and the defendant did not agree on sentencing and requested that the court determine sentencing for defendant.

After announcing their agreement, defendant pleaded "true" to the allegation that he violated a condition of supervised release by failing to refrain from unlawful use of a controlled substance.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by failing to refrain from unlawful use of a controlled substance, defendant will be guilty of committing a

Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining a sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to an alleged violation of a mandatory condition: failing to refrain from unlawful use of a controlled substance. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this mandatory condition of supervised release in the manner alleged in the petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Although defendant has had some success while on supervised release, he has demonstrated an inability to adhere to conditions of supervision.   Upon his completion of community confinement center placement, he entered and successfully completed Lamar Institute of Technology's truck driving school. However, defendant failed to comply with the condition to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violations.

## RECOMMENDATIONS

1. The court should find that defendant violated a condition of supervised release by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of eight (8) months, with no further supervision thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 7th day of March, 2006.

*/s/ Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE